IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| POLARIS TX21, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-2759-E |
| | § | |
| FLORENTINA DAVIS and all other | § | |
| occupants, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Florentina Davis, proceeding *pro se*, removed to federal court an eviction proceeding filed against her in a Dallas County, Texas, state court, asserting on the Civil Cover Sheet that there is subject matter jurisdiction under 28 U.S.C. § 1332. *See* ECF No. 3.

United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction, this lawsuit should be *sua sponte* remanded to the Justice of the Peace, Precinct 3, Place 1, Dallas County, Texas, from which it was removed.

**Legal Standard**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. §

1441(a). The federal courts' jurisdiction is limited, however, and they generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Because of the limited nature of the Court's jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998)* (footnote omitted). Accordingly, the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999)*, since "[j]urisdiction is the power to say what the law is," *United States v. Willis, 76 F.4th 467, 479 (5th Cir. 2023).*

For "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without [ ] a motion and at any time." *Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 392 (1998)* (cleaned up; citing 28 U.S.C. § 1447(c)).

## Analysis

Davis fails to allege any basis for federal jurisdiction. *See* ECF No. 3. Davis's Civil Cover Sheet, however, indicates that removal is based on diversity jurisdiction under 28 U.S.C. § 1332(a). *See* ECF No. 3 at 9.

As a threshold matter, the Court does not generally rely on the Civil Cover Sheet when determining amount in controversy or whether diversity of citizenship is satisfied. *See, e.g., Pesole v. Health Care Serv. Corp., 277 F. Supp. 3d 866, 872 (N.D. Tex. 2017)* (Fitzwater, J.) ("[T]he court does not give the cover sheet any

weight when determining whether [the removing party] has met her burden [of establishing the amount in controversy].") (collecting cases); *see also Gonzalez v. Wal-Mart Stores, Tex., LLC*, 2015 WL 3613648, at *4 (S.D. Tex. June 9, 2015) (Rosenthal, J.) ("The civil cover sheet is not a pleading and does not contain the certifications required by Rule 11 of the Federal Rules of Civil Procedure."). Nevertheless, the Court will assess whether subject matter jurisdiction has been established.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Starting with citizenship, Davis has not properly alleged the citizenship of the defendant to the extent it is, as she alleges, a limited liability company. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407-08 (5th Cir. 2023) ("For limited liability companies, § 1332 citizenship is determined by the citizenship of all of its members. To establish diversity jurisdiction in a suit by or against an LLC, a party must specifically allege the citizenship of every member of every LLC." (cleaned up)).

This deficiency is enough for the undersigned to find that Davis has not shown federal subject matter jurisdiction, such that remand is required. *See* 28 U.S.C. § 1447(c); *Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023).

In addition, Davis fails to show that the amount in controversy exceeds the jurisdictional minimum. *Cf. Ferrari v. Francis*, ___ F. Supp. 3d ___, 2024 WL

1980713, at *1 (N.D. Tex. May 3, 2024) (The Court is "entitled to consider sua sponte whether the jurisdictional amount in controversy requirement had been fulfilled." (quoting *Mitchell v. Metro. Life Ins. Co.*, 993 F.2d 1544, 1993 WL 185792, at *2 n.3 (5th Cir. 1993); citing *United States v. Lee*, 966 F.3d 310, 320 n.3 (5th Cir. 2020) ("Unpublished decisions issued before 1996 are binding precedent. 5th Cir. R. 47.5.3."))).

"The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

Insofar as Davis has removed to federal court a state court eviction proceeding, which is all that is apparent from the notice of removal, she has not shown that the object of that litigation exceeds $75,000. "Under Texas law, a forcible detainer action determines only the right to immediate possession of the

premises and the measure of the lessor's damages for withholding possession pending appeal of a forcible detainer action is the reasonable rental value." *Forest Hills Apartments, LLC v. Wilson*, 2018 WL 5312780, at *4 (N.D. Tex. Oct. 26, 2018) (Lindsay, J.) (cleaned up) (internal citations omitted). Thus, Polaris 21TX, LLC's requested relief in the form of possession of the apartment and damages in the amount of $908 for delinquent rent is insufficient to satisfy the requisite amount in controversy. And Davis includes no factual allegations from which the Court could judge that the reasonable rental value at issue here exceeds $75,000.

Moreover, Davis does not allege that a federal question exists to support jurisdiction, and the undersigned concludes that one does not exist.

Accordingly, Davis has not met her burden as the removing party of establishing subject matter jurisdiction at the time of removal based on federal question or diversity jurisdiction. The Court, therefore, is required to *sua sponte* remand this case to state court under Section 1447(c) – which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original).

### Recommendation

Because the party invoking the Court's jurisdiction through removal has not shown that this action was removable based on the allegations at the time of removal, the Court should *sua sponte* remand this action to the Justice of the Peace, Precinct 3, Place 1, Dallas County, Texas, from which it was removed.

**SO RECOMMENDED.**

November 8, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).